Matter of Tenants United Fighting for the Lower E. Side v City of New York Dept. of City Planning (2021 NY Slip Op 01018)





Matter of Tenants United Fighting for the Lower E. Side v City of New York Dept. of City Planning


2021 NY Slip Op 01018


Decided on February 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 16, 2021

Before: Manzanet-Daniels, J.P., Webber, Kennedy, Mendez, JJ. 


Index No. 153029/19, 153024/19 Appeal No. 13145-13146 Case No. 2020-01820, 2020-01933 

[*1]In the Matter of Tenants United Fighting for the Lower East Side, Also Known as TUFF-LES, et al., Petitioners-Respondents,
v
City of New York Department of City Planning, et al., Respondents-Appellants.
In the Matter of Lower East Side Organized Neighbors, et al., Petitioners-Respondents,
v
The New York City Planning commission, et al., Respondents-Appellants, Two Bridges Associates, LP, et al., Intervenors-Respondents-Appellants.


James E. Johnson, Corporation Counsel, New York (Jamison Davies of counsel), for Municipal appellants.
Fried, Frank, Harris, Shriver & Jacobson LLP, New York (Janice Mac Avoy of counsel), for Two Bridges Associates, LP, LE1 Sub LLC and Cherry Street Owner, LLC, appellants.
TakeRoot Justice, New York (Paula Z. Segal of counsel), for Tenants United Fighting for the Lower East Side, Organizing Asian Communities, Good Old Lower East Side and Laguardia Housing Tenants' Association, respondents.
John R. Low-Beer, Brooklyn, for Lower East Side Organized Neighbors, Chinese Staff & Workers Association, Youth against Displacement, National Mobilization against Sweatshops, Clara Amatleon, Elvia Fernandez, Antonio Quey Lin, David Nieves and Audrey Ward, respondents.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered February 25, 2020, which granted the petition of Tenants United Fighting for the Lower East Side, also known as TUFF-LES, among others, seeking, inter alia, to annul determinations of respondent New York City Planning Commission (CPC), dated December 5, 2018, approving applications to construct certain new buildings, to the extent of annulling the approvals, unanimously reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CLPR article 78 dismissed. Order, same court and Justice, entered February 24, 2020, which granted the petition of Lower East Side Organized Neighbors, among others, seeking, inter alia, to annul the same determinations, to the extent of annulling the approvals, and directing CPC to make findings pursuant to New York City Zoning Resolution (ZR) § 78-313, and denied respondents' cross motion to dismiss, unanimously reversed, on the law, without costs, the petition denied, the cross motion granted, and the proceeding brought pursuant to CLPR article 78 dismissed.
The court should have deferred to CPC's reasonable interpretation of the ZR not to require the CPC to make the findings enumerated in ZR 78-313 as a condition precedent to approving modifications to a large-scale residential development (LSRD) other than special permits or authorizations (see Matter of Council of the City of N.Y. v Department of City Planning of the City of N.Y., 188 AD3d 18, 28 [1st Dept 2020]). ZR § 78-043 provides: "The requirements for findings as set forth in this Chapter shall constitute a condition precedent to the grant of any such modification by special permit or otherwise." Respondents persuasively argue that the word "such" in that provision refers to the two immediately preceding sections, which address only authorizations and special permits (ZR 78-041, 78-042; see Colon v Martin, 35 NY3d 75, 78-79 [2020]). Petitioners' interpretation of ZR 78-043 would render the word "such" meaningless. It does not avail petitioners to argue that the phrase "or otherwise" must be construed to require findings as a condition precedent to other modifications to prevent the phrase "or otherwise" from being rendered meaningless.
Petitioners' alternative arguments for affirming on grounds not reached by the court, including that the project required authorizations in light of a 1972 resolution which recognized the LSRD at issue, are unavailing in the absence of any conflict with the underlying applicable zoning regulations (see Matter of Council of the City of N.Y., 188 AD3d at 28).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2021